# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Matthew Pride,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>D2 Management LLC,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-00662-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 5) |

　　　　I previously denied pro se plaintiff Matthew Pride's application to proceed in forma pauperis. ECF No. 3. Plaintiff filed a new IFP application on the long form, however — despite attesting under penalty of perjury to the truthfulness of the financial information provided in his IFP application — I find that he has not been forthcoming. ECF No. 5. I deny his application without prejudice.

　　　　Pride affixed the disclaimer "without recourse" on the signature line, suggesting that Pride is attempting to avoid the potential consequences of untruthful answers. At least one other court has found that some litigants affix "without recourse" to their signatures because they believe it will protect them when they give untruthful answers in legal filings. See *Bey v. Mower Cty. HHS Office of Child Support*, No. 15-cv-2728 (JNE/TNL), 2015 U.S. Dist. LEXIS 96970, at 2 (D. Minn. June 24, 2015). I find that plaintiff's IFP application is evasive, incomplete, and indicates that he is concealing assets.

I will allow plaintiff one more opportunity to show that he qualifies for IFP status. Plaintiff must fill out the long form application. In response to question 11, which asks why he cannot afford to pay the filing fee, plaintiff must explain in detail how he pays his bills. Plaintiff must sign the IFP application with his legal name, and without the use of any disclaimers.

ACCORDINGLY,

I ORDER that plaintiff Pride's application to proceed in forma pauperis (ECF No. 1) is DENIED WITHOUT PREJUDICE.

I FURTHER ORDER that by Monday, July 24, 2023, plaintiff Pride must either (1) file the long form application to proceed in forma pauperis as specified in my order or (2) plaintiff must pay the full fee for filing a civil action.

I FURTHER ORDER that failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 22nd day of June 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE